### JAMES AUTLER CO. v. RANKIN.

(Supreme Court, Appellate Term. November 24, 1908.)

CARRIERS (§ 134*)—ACTIONS—EVIDENCE—RECEIPT OF GOODS.

    In an action against a common carrier for goods claimed to have been delivered to him and lost, the evidence *held* insufficient to show that defendant ever received the goods.

    [Ed. Note.—For other cases, see Carriers, Cent. Dig. § 588; Dec. Dig. § 134.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by the James Autler Company against William H. Rankin. From a judgment for plaintiff, defendant appealed. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEABURY, JJ.

Samuel Hoffman, for appellant.
Baggott & Ryall, for respondent.

SEABURY, J. The plaintiff sues the defendant, who is a common carrier, for the value of certain goods alleged to have been delivered to him, and by him lost. The plaintiff's secretary testified that he prepared goods for transfer to be sent to Krause & Co., and as to the value of these goods. The man in charge of the elevator in the building where the plaintiff had its place of business testified that he knew the defendant's truck and some of his drivers, that the truck came to the building every day, and that on March 23, 1907, he gave a package to one of the defendant's drivers which he had taken from the office of the plaintiff. No receipt was taken for the package. This witness admitted that he did not remember the particular date upon which he delivered the package until the secretary of the plaintiff, a few days before the trial, had told him the date of shipment. This evidence was insufficient to show that the defendant or any of his agents received the package which the plaintiff prepared for transfer. Nor is there any evidence in the record to show that the goods were not delivered to the consignee.

The judgment is reversed and a new trial ordered, with costs to the appellant to abide the event. All concur.